IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0939-05






CAROLYN MACHALEC BARNES, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRD COURT OF APPEALS


WILLIAMSON COUNTY





 Meyers, J., filed a dissenting opinion.


 The court of appeals probably did an incorrect sufficiency analysis. The court
should have used Malik v. State, 953 S.W.2d 234 (Tex. Crim. App. 1997) and considered
the sufficiency of the evidence measured by the elements of the offense as defined by the
hypothetically correct jury charge for the case. Id. at 240. However, the State's petition
for discretionary review asks only:

 (1) Must a defendant who is stopped for speeding be prosecuted only for
speeding where her actions during detention constitute both refusal of
citation and interfering with a peace officer under section 38.15 of the
Texas Penal Code?


 (2) Is speech which causes another person to act included within the
"speech only" exception to section 38.15?


 (3) May a defendant be prosecuted under section 38.15 for actions that
occur during detention, as well as for actions that occur when she is first
detained or when she is later arrested?

 

The State doesn't say that the court of appeals did an incorrect sufficiency analysis. 

 Even though the court of appeals did not use the correct analysis in this published
opinion and the State brought the wrong grounds for review, since this is an extremely
fact-bound case involving a state statute, the improper analysis does not affect our
jurisprudence and we should dismiss this case as improvidently granted. Therefore, I
respectfully dissent.


 Meyers, J.


Filed: April 26, 2006

Publish